IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

CAMMI RAINER,

    Plaintiff,

v.                                                                            Civ. No. 23-959 MV/GBW

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF SIERRA, *et al.*,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Defendant Karr's Towing Services, LLC[1] Motion to Dismiss (the "Motion"), *doc. 9*, and the Honorable Martha Vázquez's Order of Reference, *doc. 23*, referring this case to me for analysis, findings of fact, evidentiary hearings if warranted, and recommendations for its ultimate disposition. Having reviewed the Motion and being otherwise fully advised, I RECOMMEND that the Court grant the Motion.

**I.   BACKGROUND**

Plaintiff filed her *pro se* Verified Complaint for Damages Declarative Relief and Jury Demand in state court on June 15, 2023. *Doc. 1-1*. On November 1, 2023,

---

[1] This Defendant is identified by Plaintiff as "Gerold Salcedo d/b/a Karrs Towing Services, LLC." *See doc. 1-1* at 1. The Motion to Dismiss, however, is brought on behalf of Gerold Salcido [sic] and Karrs Towing Services, LLC. *See doc. 9* at 1. For the purposes of this Motion, I will treat Mr. Salcedo and Karrs Towing Services, LLC as a single Defendant labeled "Defendant Karrs."

1

Defendants Board of County Commissioners for the County of Sierra (the "County") and Sierra County Sheriff Glenn Hamilton removed the case to federal court. *Doc. 1.* Relevant to the instant Motion, Plaintiff alleges that on June 13, 2020, Defendant Karrs Towing Services, LLC ("Karrs"), along with Defendants Donald Cheney and Glenn Hamilton, entered the property at which Plaintiff was residing and unlawfully seized Plaintiff's 2012 Dodge RAM2500 truck. *Id.* at 11-22. Plaintiff brings claims related to unfair debt collection practices as well as two state law claims for trespass and conversion against Defendant Karrs. *Id.* at 25-27, 30-32.

Defendant Karrs filed its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on November 27, 2023, requesting that the Court dismiss all of Plaintiff's claims against it for failure to state a claim of trespass or conversion and on the basis that the applicable statute of limitations on the debt collection practices claim has run. *See generally doc. 9*. Plaintiff's response would have been due on December 11, 2023, but none was filed.

II.  **LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Leverington v. City of Colorado Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This standard does not require "detailed factual allegations," but it does require more than "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a 12(b)(6) motion, the court must "assume the truth of all well-pleaded facts in the complaint and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs." *Leverington*, 643 F.3d at 723 (quoting *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)). However, the court need not accept the truth of any legal conclusions. *Iqbal*, 556 U.S. at 678.

In the Tenth Circuit, the statute of limitations is an affirmative defense and is properly challenged via a Rule 12(b)(6) motion. *See Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128–29 (10th Cir. 1991) (holding that dismissal on statute of limitations grounds is a judgment on the merits).

**III.   ANALYSIS**

    **A. Debt Collection Practices Claims**

As noted, Plaintiff brings claims related to unfair debt collection practices against Defendant Karrs for his allegedly unlawful seizure of Plaintiff's truck on June 13, 2020. It is unclear exactly what Plaintiff is alleging or on which legal authority Plaintiff is relying. She mentions the Fair Debt Collection Practices Act ("FDCPA"), *doc. 1-1* at 26, NMSA § 55-9-609 (2021)[2], *id.* at 27, and the "New Mexico Fair Debt Collection Act § 16,"

---

[2] Plaintiff cites this law as "UCC § 55-9-609." *See doc. 1-1* at 27. The New Mexico legislature adopted the Uniform Commercial Code as Chapter 55 of the New Mexico Statutes.

*id.* To the extent that Plaintiff brings a claim pursuant to the federal FDCPA, Plaintiff's claim is barred by the one-year statute of limitations for FDCPA claims. *See* 15 U.S.C. § 1692k(d). Plaintiff filed her complaint three years and two days after the alleged unlawful seizure. *Doc. 1-1* at 1, 38. In addition, there is no "New Mexico Fair Debt Collection Act," so Plaintiff has also failed to state a plausible claim pursuant to this legal authority.

Plaintiff's most developed claim is that Defendant Karrs violated New Mexico law regarding secured transactions when he seized Plaintiff's vehicle after there had been a "breach of the peace" caused by the confrontation between Plaintiff and the police officers who were present when Defendant Karrs towed Plaintiff's vehicle. *Doc. 1-1* at 27. NMSA § 55-9-609 provides some of the rights held by a secured party after a default, including that a secured party may take possession of collateral "without judicial process, if it proceeds without breach of the peace." NMSA § 55-9-609(b)(2) (2021). However, Plaintiff has not provided any evidence that Defendant Karrs was a secured party or that there had been a default on the truck that Defendant Karrs towed. As a result, Plaintiff has failed to state any claim under New Mexico law regarding secured transactions.

### B. Trespass Claim

Plaintiff also alleges that Defendant Karrs committed trespass when he and the other Defendants entered the private property where Plaintiff had parked the truck in

4

order to seize the truck. In order to bring a trespass claim, Plaintiff must show that she had "some sort of possessory interest in the land at the time of the trespass." *McNeill v. Rice Eng'g & Operating, Inc.*, 229 P.3d 489, 492 (N.M. 2010). In her Complaint, Plaintiff indicated that the property on which her truck was seized by Defendants was "the private property of Dustin Wehrs." Doc. 1-1 at 11. Because Plaintiff has not alleged that she had any possessory interest in the property, Plaintiff has failed to state a claim for trespass against Defendant Karrs.

### C. Conversion Claim

Lastly, Plaintiff alleges that Defendant Karrs committed conversion when he unlawfully "depriv[ed]" Plaintiff of her truck after he towed it on June 13, 2020, even though Plaintiff was the owner of the truck and "h[eld] immediate and exclusive rights to possession" of the truck. Doc. 1-1 at 30-31. Conversion is the "unlawful exercise of dominion and control over personal property belonging to another in exclusion or defiance of the owner's rights." *Nosker v. Trinity Land Co.*, 757 P.2d 803, 807 (N.M. Ct. App. 1988). "[C]onversion require[s] intentional wrongdoing." *See In the Matter of Yalkut*, 176 P.3d 1119, 1126 (N.M. 2008). In her Complaint, Plaintiff alleges that "[Mr. Cheney] fraudulently transferred ownership of the [truck] to himself" sometime in early 2019. Doc. 1-1 at 8. Plaintiff does not allege that she ever regained title to the vehicle meaning that Mr. Cheney possessed title to the vehicle at the time that Defendant Karrs allegedly seized Plaintiff's vehicle on June 13, 2020. As a result,

5

regardless of whether Mr. Cheney transferred title to the truck to himself in a fraudulent manner, title to the truck was in Defendant Cheney's name, and Defendant Karrs would have reasonably believed that the truck belonged to Mr. Cheney and not Plaintiff. Because Plaintiff alleges that Mr. Cheney gave his permission for the truck to be towed by Defendant Karrs, *see id.* at 11, Plaintiff has not alleged that Defendant Karrs knowingly took the property of another individual without permission, and thus she has not alleged that it committed an act of conversion.

## IV.   CONCLUSION

For the foregoing reasons, I RECOMMEND that Defendant Gerold Salcedo, d/b/a Karrs Towing, LLC's Motion to Dismiss (*doc. 9*) be granted. I further RECOMMEND that all of Plaintiff's claims against this Defendant be dismissed with prejudice.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**