IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

CAMMI RAINER,

    Plaintiff,

v.                                                                           Civ. No. 23-959 MV/GBW

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF SIERRA, *et al.*,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Defendants Board of County Commissioners of Sierra County's and Glenn Hamilton's Motion to Dismiss (the "Motion"), *doc. 4*, and the Honorable Martha Vázquez's Order of Reference, *doc. 23*, referring this case to me for analysis, findings of fact, evidentiary hearings if warranted, and recommendations for its ultimate disposition. Having reviewed the Motion and its attendant briefing (*docs. 22, 26*), and being otherwise fully advised, I RECOMMEND that the Court grant the Motion.

I.     **BACKGROUND**

Plaintiff filed her *pro se* Verified Complaint for Damages Declarative Relief and Jury Demand in state court on June 15, 2023. *Doc. 1-1.* On November 1, 2023, Defendants Board of County Commissioners for the County of Sierra (the "County")

1

and Sierra County Sheriff Glenn Hamilton removed the case to federal court. *Doc. 1.* Relevant to the instant Motion, Plaintiff alleges that after she moved to Truth or Consequences, New Mexico in August 2018, she experienced prolonged harassment by Donald Cheney, a former police officer. *Doc. 1-1* at 2-7. This harassment was permitted to continue because other officers, including Sheriff Glenn Hamilton, allegedly did nothing to stop Defendant Cheney or to protect Plaintiff. *Id.* Then, on June 13, 2020, Plaintiff alleges that Defendant Hamilton, along with Defendants Donald Cheney and Gerold Salcedo, entered the property at which Plaintiff was residing and unlawfully seized Plaintiff's vehicle. *Id.* at 11-22. Plaintiff brings Fourth and Fourteenth Amendment claims pursuant to § 1983 against Defendants County and Hamilton. *Id.* at 28-30, 33-36. Plaintiff also brings a state law claim of intentional infliction of emotional distress against Defendants County and Hamilton, and a state law trespass claim against Defendant Hamilton. *Id.* at 25-26, 32-33.

Defendants County and Hamilton filed their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on November 1, 2023, requesting that the Court dismiss all of Plaintiff's claims against them on the basis that the applicable statute of limitations on these claims has run. *See generally doc. 4.* Plaintiff filed her Response on January 2, 2024. *Doc. 22.* The Motion was fully briefed on January 12, 2024, with the filing of Defendants' Reply. *Doc. 26.*

## II.     LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Leverington v. City of Colorado Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  This standard does not require "detailed factual allegations," but it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  When ruling on a 12(b)(6) motion, the court must "assume the truth of all well-pleaded facts in the complaint and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs." *Leverington*, 643 F.3d at 723 (quoting *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)).  However, the court need not accept the truth of any legal conclusions. *Iqbal*, 556 U.S. at 678.

In the Tenth Circuit, the statute of limitations is an affirmative defense and is properly challenged via a Rule 12(b)(6) motion.  *See Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128–29 (10th Cir. 1991) (holding that dismissal on statute of limitations grounds is a judgment on the merits).

III.    ANALYSIS

    A. Federal Claims

As noted, Plaintiff brings constitutional claims pursuant to 42 U.S.C. § 1983 against both Defendants County and Hamilton. In particular, Plaintiff brings a Fourth Amendment claim for unreasonable seizure of her person when Defendant Hamilton prevented Plaintiff from leaving while he and the other Defendants were repossessing her vehicle, *doc. 1-1* at 29-30, and a Fourteenth Amendment claim for Defendants' unlawful seizure of Plaintiff's vehicle without due process, *doc. 1-1* at 28-29. In *Wilson v. Garcia*, the Supreme Court held that the statute of limitations for § 1983 claims is determined by the statute governing personal injury actions in the venue state. 471 U.S. 261, 269 (1985). The statute of limitations for personal injury actions arising in New Mexico is three years. N.M.S.A. § 37-1-8 (2021); *see also Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014). Plaintiff brought her complaint on June 15, 2023, *see doc. 1-1* at 38, more than three years after the alleged unlawful seizure of her car which took place on June 13, 2020, *see doc. 1-1* at 11. As a result, Plaintiff's § 1983 claims are barred by the relevant statute of limitations.

In her Response, Plaintiff argues that she "submitted" her complaint to the clerk of court on June 13, 2023, as evidenced by the date on which she signed her Application for Free Process and Affidavit of Indigency, but the clerk did not file the complaint until June 15, 2023. *See doc. 22* at 2. She argues that "a complaint is considered legally filed

4

when submitted to the clerk of court, not when officially stamp-filed." *Id.* Although Plaintiff's Application for Free Process and Affidavit of Indigency was signed and dated on June 13, 2023, *doc. 1-2* at 4, the complaint itself was signed and dated by Plaintiff on June 15, 2023. *See doc. 1-1* at 38. As a result, the complaint was both "submitted" by Plaintiff and filed by the clerk on the same day. There is no evidence before me that the complaint was submitted to the clerk prior to June 15, 2023.

Plaintiff next argues that her federal claims "did not necessarily accrue" against Defendants County and Hamilton on June 13, 2020, because the direct harm caused by these Defendants "transcend[ed] midnight into subsequent days" which "prevent[ed] earlier discovery of actionable claims against the county parties." *Doc. 22* at 4. "Section 1983 claims accrue, for the purpose of the statue of limitations, 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Johnson v. Johnson Cnty. Comm. Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980). A plaintiff "need not have conclusive evidence of the cause of an injury in order to trigger the statute of limitations." *Alexander v. Oklahoma*, 382 F.3d 1206, 1216 (10th Cir. 2004). Nor must a plaintiff "know all of the evidence ultimately relied on for the cause of action to accrue." *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993).

In the instant case, the injury which would give rise to Plaintiff's claims of constitutional violations under the Fourth and Fourteenth Amendments was the

allegedly unlawful seizure of Plaintiff's vehicle on June 13, 2020. *See doc. 1-1* at 11-22, 28-30, 33-36. Even if Plaintiff continued to experience harm following the alleged seizure of the vehicle, she was aware on June 13, 2020 of "all the facts necessary to sue and recover damages." *Varnell*, 756 F.3d at 1216 (holding that the plaintiff's § 1983 claim alleging sexual abuse accrued "no later than the last sexual abuse by [the defendant]" and not "much later" after plaintiff "realize[d] the extent of her psychological injury"). Indeed, Plaintiff does not allege that Defendants County or Hamilton committed any constitutional injuries against Plaintiff after June 13, 2020. *See doc. 1-1* at 22-23 (providing the "facts following the unlawful seizure" which only include allegations against Defendants Cheney and Salcedo). As a result, Plaintiff's claims arising from the allegedly unlawful seizure of her vehicle accrued on June 13, 2020, and the statute of limitations for Plaintiff's § 1983 claims against Defendants County and Hamilton expired on June 13, 2023, two days before Plaintiff filed her claim in state court.

### B. State Claims

Plaintiff also brings a state claim against Defendants County and Hamilton for intentional infliction of emotional distress and a state claim against Defendant Hamilton for trespass. *Doc. 1-1* at 25-26, 32-33. Because Defendant County is a governmental entity and Defendant Hamilton is a public employee, tort claims against these Defendants are governed by the New Mexico Tort Claims Act ("NMTCA"). NMSA §

6

41-4-2 (2021). The statute of limitations for claims under the NMTCA is two years. *Id.* § 41-4-15(A). Plaintiff did not bring her state law claims against Defendants County and Hamilton until three years and two days after the date that these Defendants allegedly unlawfully seized her vehicle. *See doc. 1-1* at 1, 38. As a result, the statute of limitations on Plaintiff's claims arising from the incident in which her vehicle was seized expired before she filed her complaint, and any such claims are subject to dismissal.

Plaintiff first argues that her state law claims are timely due to the "relation back doctrine" in which "any later pleadings relating back . . . satisfy[y] limitations periods for state tort allegations irrespective of accrual dates." *Doc. 22* at 4-5. The "relation back doctrine" to which Plaintiff refers addresses the question of whether amended pleadings which are filed after the expiration of the relevant statute of limitations and which contain new parties, claims, facts, or defenses should be considered to have been filed at the same time as the original pleading which was filed before the expiration of the statute of limitations. *See* Fed. R. Civ. P. 15(c). It does not apply to situations, such as the instant case, in which the original pleading was not filed before the relevant statute of limitations expired. Further, Plaintiff has never filed an amended pleading. The original complaint, filed in state court on June 15, 2023, *see doc. 1-1*, is the operative complaint in this action.

Similar to her federal law claims, Plaintiff also argues that her state law claims did not accrue on the date that Plaintiff's vehicle was allegedly seized (June 13, 2020)

because "the ultimate damages from Defendants' continuous misconduct were not reasonably discovered until the effects fully materialized." *Doc. 22* at 5. As before, however, Plaintiff "kn[ew] or ha[d] reason to know of the injury" which formed the basis of her state law claims for trespass and intentional infliction of emotional distress on the date that the alleged seizure occurred. *Johnson*, 925 F.2d at 1301 (citation omitted). Plaintiff cannot extend the accrual period of her claims indefinitely by arguing that she continued to experience injury and damages long after the date the vehicle was allegedly seized. *See Varnell*, 756 F.3d at 1216.

However, reading Plaintiff's complaint liberally,[1] it is possible that there are allegations that Defendant Hamilton caused an injury to Plaintiff that constituted intentional infliction of emotional distress after the date on which Defendant Hamilton and the other Defendants allegedly seized Plaintiff's vehicle. In particular, Plaintiff alleges that "the County and Hamilton by conspiring with [Defendant Cheney] allowed [Defendant Cheney] to maliciously and intentionally terrorize [Plaintiff] for more than 3-years while remaining free from any legal consequences." *Doc. 1-1* at 3. It appears that the three-year period to which Plaintiff refers started in August 2018. *See id.* at 2. As a result, Plaintiff may be able to allege facts that Defendants County and Hamilton caused intentional infliction of emotional distress sometime in the two-year statute of

---

[1] "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

8

limitation period before Plaintiff filed her complaint. Because her complaint does not allege such facts with enough specificity to state a plausible claim, her claim does not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. However, I recommend dismissing this claim without prejudice such that Plaintiff may refile her claim in state court if she is able to allege appropriate facts.[2]

## IV. CONCLUSION

For the foregoing reasons, I RECOMMEND that Defendants Board of County Commissioners of Sierra County's and Glenn Hamilton's Motion to Dismiss (*doc. 4*) be granted. I further RECOMMEND that Plaintiff's federal claims and her state law claim of trespass against Defendants Board of County Commissioners of Sierra County and Glenn Hamilton be dismissed with prejudice, and that Plaintiff's state law claim of intentional infliction of emotional distress against these Defendants be dismissed without prejudice.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] Should the Court dismiss Plaintiff's state law claim for intentional infliction of emotional distress without prejudice, the period of limitations for this claim is "tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**