**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

CAMMI RAINER,

Plaintiff,

v. Civ. No. 23-959 MV/GBW

DONALD CLAY CHENEY,

Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Defendant Donald Cheney's Motion to Dismiss ("First Motion to Dismiss"), *doc. 34*, Defendant Donald Cheney's Motion to Dismiss for Plaintiff's Failure to Comply with the Court's Order to Show Cause ("Second Motion to Dismiss"), *doc. 38*, the Court's Order to Show Cause, *doc. 36*, and the Honorable Martha Vázquez's Order of Reference, *doc. 23*, referring this case to me for analysis, findings of fact, evidentiary hearings if warranted, and recommendations for its ultimate disposition. Having reviewed these motions and the record as a whole, I RECOMMEND that the Court dismiss Plaintiff's claims against Defendant Donald Cheney with prejudice.

## I. BACKGROUND

Plaintiff filed her *pro se* Verified Complaint for Damages Declarative Relief and Jury Demand in state court on June 15, 2023. *Doc. 1-1*. The matter was removed to federal court on November 1, 2023. *Doc. 1.* Initially, Plaintiff sued four defendants – the Board of County Commissioners for the County of Sierra (the "County"), Sheriff Glenn Hamilton, Donald Cheney, and Gerold Salcedo. *See doc. 1-1*.

On November 1, 2023, Defendants County and Hamilton moved to dismiss all of Plaintiff's claims against them on the basis that the applicable statute of limitations on these claims has run. *See generally doc. 4*. Plaintiff filed her Response on January 2, 2024. *Doc. 22*. The Motion was fully briefed on January 12, 2024, with the filing of Defendants' Reply. *Doc. 26*. On March 22, 2024, the undersigned recommended that the Court grant Defendant County and Hamilton's Motion, recommending dismissal of Plaintiff's federal claims and her state law claim of trespass against them with prejudice, and dismissal of Plaintiff's state law claim of intentional infliction of emotional distress against them without prejudice. *Doc. 30*. Plaintiff filed no objections to the recommendations, and they were adopted by the Court. *See doc. 31*.

On November 27, 2023, Defendant Salcedo moved to dismiss all Plaintiff's claims against him. *See doc. 9*. Plaintiff filed no response. On February 16, 2024, the undersigned recommended that the Court grant Defendant Salcedo's Motion, recommending dismissal of all of Plaintiff's claims against Defendant Salcedo with

prejudice. *See doc. 28*. Plaintiff filed no objections to the recommendations, and they were adopted by the Court. *See doc. 29*.

On May 31, 2024, the Court ordered "the parties, appearing through counsel or *pro se*, [to] 'meet and confer' no later than July 3, 2024, to formulate a provisional discovery plan." *Doc. 32*. On July 10, 2024, Defendant Cheney filed its "Joint" Status Report and Provisional Discovery Plan. *See doc. 33*. As detailed in that filing, Plaintiff failed to participate in the 'meet and confer' despite the Court's order and defense counsel's efforts. *Id*. Based on Plaintiff's failure to participate in the 'meet and confer,' Defendant filed the First Motion to Dismiss. *See doc. 34*.

On July 24, 2024, the Court proceeded with the telephonic Rule 16 conference as previously scheduled and ordered. *See docs. 32, 36*. Counsel for Defendant Cheney appeared but Plaintiff *pro se* failed to appear at the appointed time. *See doc. 36* at 1. The Court contacted Plaintiff via telephone, but she indicated that she would not be attending the telephonic conference. *Id*. at 1-2. As a result, the Court vacated the conference. *Id*. at 2. The following day, the Court issued an order to show cause requiring Plaintiff to "show cause in writing not later than August 14, 2024, why the Court should not assess sanctions against her to include dismissal of her claims. Failure to file a response in writing shall constitute an independent basis for dismissal." *Id.* To this date, Plaintiff has not filed a response. On August 26, 2024, based on Plaintiff's

repeated failures to comply with Court orders or otherwise prosecute her case, Defendant filed its Second Motion to Dismiss. *See doc. 38*.

## II. LEGAL STANDARD AND ANALYSIS

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A dismissal for failure to comply with a court order under Rule 41(b) "operates as an adjudication on the merits." *Id*. Although *pro se* litigants' pleadings are held "'to less stringent standards than formal pleadings drafted by lawyers[,]' [t]he pro se litigant 'nevertheless must follow the same rules of procedure that govern other litigants.'" *Jaramillo v. Frewing*, 347 F. Supp. 3d 827, 839 (D.N.M. 2018) (citations omitted).

Plaintiff has repeatedly failed to comply with the Court's orders and has failed to prosecute her case. Plaintiff failed to participate in the 'meet and confer' and failed to contribute anything to the Joint Status Report and Provisional Discovery Plan as ordered. Plaintiff failed to attend the telephonic Rule 16 conference as ordered by the Court even though the Court initiated telephonic contact when she did not appear. Plaintiff failed to respond in any fashion to the Court's Order to Show Cause. Consequently, sanctions are appropriate. Defendant Cheney seeks dismissal. In determining whether dismissal is a just sanction, courts consider: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in

advance that dismissal of the action would be the likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (quotations and citations omitted). All these factors weigh in favor of dismissal here.

With respect to the first factor, Defendant is prejudiced by Plaintiff's refusal to comply with the Court's Order. As Defendant Cheney notes, he is the sole remaining defendant in this action and stands exposed to 100% of any liability that could be assigned. Plaintiff's refusal to comply with the Court's orders serves as a hurdle to his ability to bring this action to a close. *See, e.g., Zhao v. 88 Broadway & Cafe Inc.*, 2019 WL 13493873, at *7 (E.D.N.Y. Aug. 30, 2019); *Hendrix v. J. Gomez*, 2024 WL 216139, at *1 (E.D. Cal. Jan. 19, 2024).

With respect to the second factor, Plaintiff has consistently interfered with the judicial process by preventing the Court from even initiating a discovery plan. Plaintiff filed her claims almost a year ago, yet she has thwarted the Court's attempt to move the case forward in any meaningful way.

With respect to the third factor, there is no dispute about Plaintiff's culpability. Notwithstanding defense counsel's significant efforts, she refused to participate in the 'meet and confer' as ordered by the Court. She refused to call into the telephonic Rule 16 conference despite the Court calling and speaking to her when she did not initially appear.

With respect to the fourth factor, Plaintiff was explicitly warned that the Court was considering the sanction of dismissal for her violations. Nonetheless, she did not respond even when advised that a "[f]ailure to file a response in writing shall constitute an independent basis for dismissal." *Doc. 36* at 2.

With respect to the fifth factor, it is apparent that lesser sanctions would not be effective. The Court and counsel have attempted repeatedly to obtain Plaintiff's compliance. Nothing has been successful even where the requests, in the context of litigation, have been relatively minor. Notably, Plaintiff has done nothing in this case since January 2, 2024, except violate Court orders.

Given that all the *Ehrenhaus* factors favor dismissal, I recommend dismissing Plaintiff's claims against Defendant Cheney with prejudice.

## III. CONCLUSION

For the foregoing reasons, I RECOMMEND that Defendant [Cheney's] Motion to Dismiss for Plaintiff's Failure to Comply with the Court's Order to Show Cause (*doc. 38*) be granted, and Plaintiff's claims against Defendant Cheney be dismissed with prejudice. I further RECOMMEND that Defendant [Cheney's] Motion to Dismiss (*doc. 34*) be denied as moot.

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**